

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1970

Honorable William C. Sparks          Opinion No. M-691
Criminal District Attorney
Victoria, Texas                      Re:   Questions concerning
                                           jurisdiction of justice
                                           court in cases by
                                           Independent School
                                           District and City for
                                           personal property taxes,
                                           each in an amount in
                                           controversy of less
Dear Sir:                                  than $200.00.

        You have requested the Opinion of this office on the
following questions pertaining to the jurisdiction of suits
for delinquent personal property taxes by an Independent
School District and a City, acting together, when the amount
in controversy in each suit is less than $200.00, and there
are no lien foreclosures sought therein.  With your request
you have submitted your brief with authorities and copies
of previous opinions issued by this office, Nos. C-757
and V-1332, in support thereof.


                        Questions Presented:

        1.   If a suit is filed by an Independent School
             District for personal property taxes, the
             amount in controversy less than $200.00
             including taxes, penalties and interest,
             the District seeking personal judgment
             only, not foreclosure of any liens, is
             jurisdiction for this suit exclusive in
             the Justice Court?

        2.   Must a Justice of the Peace accept personal
             property tax suits when submitted for filing
             by an Independent School District when the
             amount in controversy is within the juris-
             diction of his court?


-3331-

3. Has Opinion V-1332 been overruled by the Office of the Attorney General or is it still the holding of the Attorney General's Office that Article 7345b, V.C.S., does not apply to delinquent tax suits for the collection of personal property taxes?

4. Where the State and County do not have a lien for personal property taxes, are they a necessary party to any delinquent tax suit brought by an Independent School District for the collection of personal property taxes?

5. Can a Justice of the Peace, as a condition precedent to the filing of a delinquent tax suit in his court for the collection of personal property taxes, the jurisdictional amount being within his court, require the attorney for the School District, who does not represent the State and County, to negative the existence of State and County personal property taxes assessed in the name of the defendant, before he will accept jurisdiction of his court for filing of School personal property tax suits?

Insofar as Victoria County is concerned, your question Number 1 is answered in the affirmative. Article V, Section 19, Texas Constitution, vests in justice courts original jurisdiction in civil matters,

". . . where the amount in controversy is two hundred dollars or less, exclusive of interest, of which exclusive original juris-diction is not given to the District or County Courts; . . ."

However, it should be noted under Article V, Section 22, Constitution of Texas, the Legislature is empowered to grant to County Courts concurrent jurisdiction with the Justice Courts. In some counties, the Legislature has so provided, in which cases exclusive jurisdiction in the Justice Court would not exist. We find no such statute for Victoria County.

Your question Number 2 is also answered in the affirmative. Rule 534, Texas Rules of Civil Procedure, requires "When a claim or demand is lodged with a justice for suit, he shall issue forthwith citations ---." This ministerial act by the justice of initiating a suit is not discretionary.

Our answer to your question Number 3 is that Opinion No. V-1332 (1951) has not been overruled and we adhere to the holding thereof that Article 7345b, Vernon's Texas Civil Statutes, does not apply to delinquent tax suits for the collection of personal property taxes. Mexia Independent School District v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118 (1939).

Your question Number 4 is answered in the negative. The State and County have no interest in the subject matter of the tax suit of the School District and City, of such a nature that it is necessary for the State and County to be parties in order for the Court to grant complete relief to the School District and City. To hold that the State and County were indispensable as parties when such suits were filed by the School District and the City in the county or justice courts would be equivalent to dismissal of such suits because of the lack of jurisdiction of the State's and County's claims. 44 Tex Jur 2d. 153-156, Parties, Secs. 11 and 15, and Attorney General's Opinion No. C-757 (1966).

Your question Number 5 is answered in the negative. The causes of action sued upon by the attorney collecting the taxes for the School District and the City are independent of any tax claim the State or County may have against the defendant. The justice of the peace has no duty or authority to direct the filing of claims in any court, even in anticipation of avoiding a multiplicity of suits. In matters of consolidation of causes of action or joinder of parties the authority of the justice extends only to claims or actions already on his docket. Rules 174 and 41, Texas Rules of Civil Procedure.

S U M M A R Y

The Justice Court has jurisdiction of all suits for personal property tax filed on behalf of an independent school district and a city for a personal judgment only, the amount in controversy being less than $200.00.

The docketing and issuing of citation upon such suits is a mandatory ministerial duty of the justice of the peace.

The State and County are not necessary and indispensable parties to such suits and the justice of the peace has no duty or authority to direct the filing of claims in any court, his authority as to joinder of actions and parties extending only to suits already on his docket.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Kenneth R. Nordquist
Gordon Cass
Roland Allen
Ronnie Carr

Meade F. Griffin
Staff Legal Assistant

Alfred Walker
Executive Assistant

Nola White
First Assistant